IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDHIR K. SINGH,<br><br>        Petitioner,<br><br>vs.<br><br>A.P. KANE, Warden, et al.,<br><br>        Respondents. | Case No. 2:04-cv-02120 (JKS)<br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On October 24, 2006, the magistrate judge filed findings and recommendations herein, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fifteen days.  Petitioner has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

      In his sole objection, Petitioner attacks a four-year sentence enhancement he received under Cal. Penal Code § 12022(c) for being armed with a firearm during the commission of Cal. Health & Safety Code § 11379.  Petitioner essentially argues that his due process rights were violated because

the jury was instructed in such a way that they could have found the enhancement without finding a "facilitative nexus" between the firearm and the possession for sale.  This facilitative nexus between firearm and crime is an element of the firearm enhancement under Cal. Penal Code § 12022(c).  *See People v. Bland*, 10 Cal. 4th 991, 1002 (Cal. 1995).  As Petitioner raised this claim rather obliquely, the magistrate judge did not directly address the adequacy of the challenged jury instruction.[1]

"Where a trial court fails 'to properly instruct the jury regarding an element of the charged crime,' the court commits 'a constitutional error that deprives the defendant of due process.'" *Conde v. Henry*, 198 F.3d 734, 740 (9th Cir. 1999) (quoting *Hennessy v. Goldsmith*, 929 F.2d 511, 514 (9th Cir. 1991)).  However, harmless error analysis ordinarily applies to trial errors, including a jury instruction that omits an element of the offense.  *See Neder v. United States*, 527 U.S. 1, 8, 11 (1999).  In determining whether a trial court's failure to instruct entitles a petitioner to habeas relief, a court must ask "whether the error had a substantial and injurious effect" on the outcome of the trial.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Even assuming *arguendo* that the instruction in this case was invalid, the error was harmless.  The magistrate judge properly distinguished *Pitto* on its facts.  In *Pitto*, the drugs and unloaded pistol were found in separate containers in the defendant's van.  *Pitto*, 35 Cal. Rptr. 3d at 638.  The defendant testified that the pistol had nothing to do with the drugs, that he had brought it because he was contemplating suicide.  *Id*.  Several defense witnesses corroborated his testimony that he was suicidal and that he hated guns.  *Id*.  In contrast, Petitioner Singh was found in a hotel room sitting on the bed next to the loaded shotgun with the methamphetamine at his feet.  Singh does not suggest the presence of the shotgun near the drugs was a coincidence, rather he argues that neither the firearm nor drugs were his and that he did not know the shotgun was there.  An inference of

---

[1]  Petitioner appears to have initially raised this issue in February 2006 by way of a request for judicial notice of *People v. Pitto*, 35 Cal. Rptr. 3d 635 (2005).  Docket No. 12.  The magistrate judge dealt with *Pitto* in the context of discussing Petitioner's insufficient evidence claims, but never directly addressed the adequacy of the jury instruction.  Specifically, the magistrate judge noted *Pitto* had been granted review and depublished.  *See* 40 Cal. Rptr. 3d 607.  The California Supreme Court has yet to render an opinion.  Second, as discussed *infra*, the magistrate judge distinguished *Pitto* factually.

ORDER

facilitative nexus has been approved by the California Supreme Court in much more tenuous circumstances. *See Bland*, 10 Cal. 4th at 1003 (finding that it was reasonable for a jury to infer facilitative nexus where the drugs were found in the closet in the same room where an unloaded rifle was found beneath the defendant's bed).

    Accordingly, **IT IS HEREBY ORDERED** that:

    1.  The findings and recommendations filed October 24, 2006, are adopted in full; and

    2.  Petitioner's application for writ of habeas corpus is denied.


Dated this the 13th day of December 2007.


                                                /s/ James K. Singleton, Jr.
                                              **JAMES K. SINGLETON, JR.**
                                              United States District Judge

ORDER